| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| SAN JUARA ART CONTRACTOR, LLC.<br><br>Recurrente<br><br>V.<br><br>SUPERINTENDENCIA DEL CAPITOLIO DE PUERTO RICO<br><br>Recurrido<br><br>BUILDING PRESERVATION MATERIAL TECHNOLOGIES, INC.<br><br>Licitador Agraciado | TA2026AP00450 | *Revisión* procedente de la Junta de Subastas de la Superintendencia del Capitolio<br><br>Subasta Núm: SF-02-26<br><br>Sobre: Impugnación de Subasta |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 4 de mayo de 2026.

Comparece San Juanra Art Contractor, LLC (SJC o recurrente) en solicitud de la revisión de una *Notificación de Adjudicación de Subasta Formal* emitida el 24 de abril de 2026 por la Oficina de Subastas de la Superintendencia del Capitolio de Puerto Rico (Oficina de Subastas o recurrida). En dicha determinación, se notificó que el 14 de abril de 2026, la Junta de Subastas adjudicó la subasta SF-02-26, correspondiente a la restauración de los arcos monumentales y yesería ornamental del tercer nivel de la rotonda del Capitolio, a Building Preservation Material Technologies, Inc. (BPMT).

Simultáneamente, SJC presentó una *Moción en Auxilio de Jurisdicción,* en la que solicitó la paralización de la formalización del contrato con el licitador agraciado o la extensión de la orden de compra relacionada con la subasta objeto de este recurso.

Aunque el recurso se identificó como una apelación, se acoge como una revisión administrativa por tratarse de la solicitud de revisión de un dictamen administrativo. No obstante, por razones de economía procesal, se conserva su designación alfanumérica.

Así acogido y, en virtud de los fundamentos que se exponen a continuación, se desestima el recurso de epígrafe por su presentación prematura. En consecuencia, se declara No Ha Lugar al auxilio de jurisdicción.

## I.

El 30 de enero de 2026, la Junta de Subastas publicó un aviso de la subasta SF-02-26 para la restauración de los arcos monumentales y yesería ornamental del tercer nivel de la rotonda del Capitolio de Puerto Rico.[1]

En dicho procedimiento participaron como licitadores Building Preservation Material Technologies, Inc.; SJC; Allied Contractors & Engineers, Corp., y MFS Construction, LLC.[2]

Luego de los trámites correspondientes, el 14 de abril de 2026, la Junta de Subastas adjudicó la buena pro a BPMT. Según consignó, dicha corporación poseía conocimiento técnico superior sobre las condiciones del inmueble al haber realizado la restauración del Domo del Capitolio y que su propuesta resultó ser la más baja y favorable para los trabajos de restauración artesanal especializada. La Oficina de Subastas notificó dicha determinación a los licitadores participantes el 24 de abril de 2026.[3]

Inconforme con la adjudicación, el 3 de mayo de 2026, SJC presentó este recurso de revisión administrativa, en el que señaló que la recurrida incurrió en los siguientes errores:

PRIMER ERROR: ERRÓ LA PARTE RECURRIDA AL NO FUNDAMENTAR ADECUADAMENTE SU DETERMINACIÓN[.]

---

[1] Apéndice 1, Entrada 3 del caso TA2026AP00450 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Apelaciones.
[2] *Íd.*, Apéndice 2.
[3] *Íd.*

SEGUNDO ERROR: ERRÓ LA PARTE RECURRIDA AL NO ADJUDICAR LA BUENA PRO A LA PARTE RECURRENTE.

Se prescinde de la comparecencia de la Oficina de Subastas, a tenor con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

## II.

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *JJJ Adventure v. Consejo de Titulares y otros*, 2025 TSPR 123, 216 DPR ___ (2025); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020); *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015). En su ausencia, el tribunal carece de facultad para adjudicar la controversia y cualquier determinación es nula e inexistente. *Íd.*; *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Por ello, todo foro judicial debe, en primera instancia, examinar su jurisdicción, ya que no puede asumirla discrecionalmente. *JJJ Adventure v. Consejo de Titulares y otros, supra*; *Torres Alvarado v. Madera Atiles, supra*.

Cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede la desestimación del recurso sin atenderlo en sus méritos. *Íd.* Al respecto, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, faculta a este foro a desestimar, a iniciativa propia, un recurso por falta de jurisdicción.

Como parte del análisis jurisdiccional, se debe examinar el principio de justiciabilidad, el cual delimita la facultad judicial a la existencia de un caso o una controversia genuina entre partes que tienen un interés real en obtener un remedio. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727 (2022); *Romero Barceló v. ELA*, 169 DPR 460 (2006); *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715 (1980). Entre las instancias en las que un caso no es justiciable es

cuando se presente prematuramente. *Ruiz Camilo v. Trafón Group, Inc.*, 200 DPR 254, 268-269 (2018).

### B. Subasta formal

En nuestra jurisdicción, la contratación gubernamental está revestida del más alto interés público, en tanto persigue asegurar la inversión adecuada, responsable y eficiente de los recursos del Estado y la protección del erario frente a prácticas indebidas como el favoritismo, la corrupción o el dispendio. *Redmane Tech., LLC v. Dpto. de Salud*, 2026 TSPR 37, 216 DPR ___ (2026); *St. James Sec. v. AEE*, 213 DPR 366 (2023). En ese contexto, la subasta formal se erige como el vehículo procesal ordinario para la adquisición de bienes y servicios por parte del Estado. *PVH Motor v. ASG*, 209 DPR 122 (2022).

Aunque el procedimiento de adjudicación de subastas es de naturaleza informal, ello no implica la ausencia de garantías fundamentales. *LPC & D, Inc. v. AC*, 149 DPR 869 (2000). Por el contrario, el debido proceso de ley impone unos requisitos mínimos que deben observarse, particularmente cuando la adjudicación afecta los intereses de los licitadores. *PVH Motor v. ASG, supra.*

A tales efectos, la notificación de adjudicación debe ser fundamentada, aunque sea de manera sucinta, de modo que permita a la parte afectada comprender las razones de la decisión y al tribunal ejercer su función revisora. *LPC & D, Inc. v. AC, supra.* En particular, el Tribunal Supremo de Puerto Rico ha dispuesto que la notificación debe incluir, como mínimo, la identificación de los licitadores y una síntesis de sus propuestas, los factores o criterios utilizados para adjudicar la subasta, los defectos de las propuestas no seleccionadas y la información relativa a los recursos disponibles, incluyendo los términos para solicitar reconsideración y revisión judicial. *Íd., Pta. Arenas Concrete, Inc. v. J. Subastas*, 153 DPR 733 (2001).

La omisión de estos elementos constituye una notificación defectuosa que no activa los términos para recurrir en revisión

judicial y, en consecuencia, priva de jurisdicción al foro revisor para atender la controversia. *Redmane Tech., LLC v. Dpto. de Salud, supra*; *PVH Motor v. ASG, supra.* Ello constituye, además, una violación al debido proceso de ley, al impedir que la parte afectada ejerza su derecho a impugnar la adjudicación. *Íd.*

Este marco doctrinal se relaciona con la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.* No obstante, dicho estatuto expresamente excluye al Senado y a la Cámara de Representantes de la Asamblea Legislativa de Puerto Rico de la definición de agencia. Sec. 1.3 (a)(1) de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, supra*, sec. 9603.

En consecuencia, el procedimiento para la adjudicación de subastas para la adquisición y el arrendamiento de bienes muebles, así como la adquisición de servicios no profesionales, adquisición y arrendamiento de propiedad mueble y toda construcción, remodelación o restauración de obra pública cuyo costo exceda la cantidad de doscientos cincuenta mil dólares (250,000.00) de la Asamblea Legislativa de Puerto Rico está regulado por el *Reglamento de Subasta de la Superintendencia del Capitolio*, adoptado el 19 de marzo de 2026 por los presidentes del Senado y de la Cámara de Representantes de Puerto Rico. En armonía con lo anterior, el Artículo 2 del Capítulo 5 del referido Reglamento, *supra*, dispone:

> A. Una vez adjudicada la subasta, la Oficina de Subastas de la Superintendencia comunicará al licitador o licitadores agraciados la determinación en Aviso de Adjudicación. Dicho Aviso indicará, entre otras cosas, la fecha en que estos deberán comparecer para firmar el contrato correspondiente, las fianzas de ejecución, seguros y cualquier otro requisito procedente establecido en el Aviso. Asimismo, a los licitadores no agraciados, la Oficina de Subastas de la Superintendencia les comunicará la determinación de la Junta de Subastas.
> [...]
> C. Así también, el Aviso de Adjudicación deberá incluir:
> 1. Los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas.
> 2. Los factores o criterios que se tomaron en cuenta para adjudicar la subasta.

3. Los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos.
4. La disponibilidad y el plazo para solicitar revisión judicial.

**III.**

De una evaluación sosegada de la *Notificación de Adjudicación de Subasta Formal* recurrida, se desprende que esta no cumplió con las garantías mínimas del debido proceso de ley que debían observarse. En particular, surge que la Oficina de Subastas no notificó los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, omisión que constituyó un elemento indispensable para que las partes afectadas pudieran comprender las razones de la determinación administrativa y ejercer adecuadamente su derecho a revisión judicial.

Asimismo, de la referida notificación no se pudo determinar si los factores o criterios utilizados para adjudicar la subasta fueron considerados respecto a todos los proponentes participantes en el proceso. Esta falta de claridad impidió que los licitadores no agraciados pudieran cuestionar de forma efectiva la determinación administrativa, lo que incidió directamente sobre las garantías del debido proceso de ley.

En consecuencia, no se activaron los términos para recurrir en revisión judicial, toda vez que una notificación defectuosa no produce dicho efecto hasta tanto cumpla con los requisitos exigidos por el ordenamiento jurídico. Ello conllevó que el recurso presentado fuese prematuro y, por ende, este Tribunal carece de jurisdicción para atenderlo en sus méritos.

**IV.**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por ser prematuro. Cónsono con lo anterior, se declara No Ha Lugar al auxilio de jurisdicción y se devuelve el caso a la Oficina de Subastas para la continuación de los procesos de conformidad con

lo aquí dispuesto, en particular, la emisión de una notificación que cumpla con los parámetros discutidos.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones